USDC SDNY
DOCUMENT ELECTRONICALLY
FILED
DOC#: _____
DATE FILED: 3/21/2019

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------- x
LOIS METTEN, *individually and on behalf of others similarly situated*

                           Plaintiff,

    -against-

TOWN SPORTS INTERNATIONAL, LLC and
TOWN SPORTS INTERNATIONAL HOLDINGS,
INC.,

                          Defendants.   x
-------------------------------------------------------------

18-CV-4226 (ALC)

**OPINION & ORDER**

**ANDREW L. CARTER, JR., District Judge:**

Plaintiff Lois Metten (hereinafter "Plaintiff" or "Ms. Metten") brings this action against Town Sports International, LLC and Town Sports International Holdings, Inc. (collectively, "Defendants") for violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq.* ("TCPA").

Plaintiff initiated this action on May 11, 2018. ECF No. 1. Plaintiff amended her Complaint on July 18, 2018. ECF No. 20 ("FAC"). On July 31, 2018, Defendants filed a Letter Motion with the Court requesting a pre-motion conference to discuss a pending motion to dismiss. ECF No. 22. On August 3, 2018, the Court granted Defendants leave to file their Motion to Dismiss, which they did on October 24, 2018. ECF Nos. 26, 28. Plaintiff filed her Opposition to Defendants' Motion on September 7, 2018. ECF No. 30. Defendants filed their Reply to Plaintiff's Opposition on September 14, 2018. ECF No. 31. Since then, the Parties have submitted numerous Notices of Supplemental Authority, and Defendants have filed two Motions requesting leave to respond to Plaintiff's notices of supplemental authority. ECF Nos. 32-39. The

Court need not consider the supplemental authority provided by either party, and Defendants' Motions requesting leave to respond are hereby **DENIED**. ECF Nos. 33, 36.

Defendants' Motion to Dismiss is deemed fully briefed. After careful consideration, Defendants' Motion is hereby **DENIED**.

## BACKGROUND[1]

Like many people in modern society, Ms. Metten is a cell phone user. FAC ¶ 29. On April 17, 2018, Ms. Metten received an unsolicited text that read: "New York Sports Clubs 3 DAY SALE $1 to join + REST OF APRIL & ALL OF MAY FREE! Ends 4/19 Join in club or online www.newyorksportsclubs.com Reply STOP to opt out." FAC ¶¶ 31-33. The text was sent by Defendants, a group of health and fitness facilities boasting the "largest gym network in the Northeast." FAC ¶ 25.

Plaintiff received the text from "short code 67076," which is allegedly registered to CallFire, Inc. (hereinafter, "Callfire"). FAC ¶ 34. CallFire utilizes technology that "has the capacity to store and dial telephone numbers *en masse*." FAC ¶ 26 (emphasis included). With a platform that allows companies to "reach thousands instantly," CallFire "can import entire contact lists and schedule to run the texts" without further intervention from the clients. *Id.* Ms. Metten alleges that Defendants contracted with CallFire as a part of their mass marketing campaign. FAC ¶ 26-27.

At no point did Plaintiff consent to receiving text from Defendants, Plaintiff does not and has never had a gym membership with Defendants, and Plaintiff never signed up to receive texts from Defendants. FAC ¶¶ 30-31, 35. Plaintiff claims that her privacy has been violated, along

---

[1] When determining whether to dismiss a case, a court accepts as true all factual allegations in the complaint and draws all reasonable inferences in the plaintiff's favor. *Faber v. Metro. Life Ins. Co.*, 648 F.3d 98, 104 (2d Cir. 2011). Pursuant to that standard, this recitation of facts is based on Plaintiff's First Amended Complaint and accompanying submissions. *See* ECF No. 20.

with many other cell phone users, and she seeks the protections provided by the FCRA. FAC ¶¶ 1, 36-37.

## STANDARD OF REVIEW

When considering a motion to dismiss under Federal Rules of Civil Procedure 12(b)(6), a court should "draw all reasonable inferences in [the plaintiff's] favor, assume all well-pleaded factual allegations to be true, and determine whether they plausibly give rise to an entitlement to relief." *Faber v. Metro. Life Ins. Co.*, 648 F.3d 98, 104 (2d Cir. 2011) (internal quotation marks omitted). Thus, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

The Court's function on a motion to dismiss is "not to weigh the evidence that might be presented at a trial but merely to determine whether the complaint itself is legally sufficient." *Goldman v. Belden*, 754 F.2d 1059, 1067 (2d Cir. 1985). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. "The tenet that a court must accept a complaint's allegations as true is inapplicable to threadbare recitals of a cause of action's elements, supported by mere conclusory statements." *Id.* at 663.

## DISCUSSION

### I. Telephone Consumer Protection Act

The TCPA was enacted in 1991 to protect citizens and consumers from unwanted telemarketing calls. *See Mims v. Arrow Fin. Servs., LLC*, 565 U.S. 368, 370-71 (2012) (stating that the Act was a response to "[v]oluminous consumer complaints about abuses of telephone technology.") The TCPA, in part, makes it:

3

> "unlawful ... to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system ... to any telephone number assigned to a ... cellular telephone service, ... unless such call is made solely to collect a debt owed to or guaranteed by the United States.

47 U.S.C. § 227(b)(1)(A)(iii). The TCPA defines an "automatic telephone dialing system" ("ATDS") as "equipment which has the capacity – (A) to store or produce telephone numbers to be called using a random or sequential number generator; and (B) to dial such numbers." 42 U.S.C. § 227(a)(1). The TCPA provides a private right of action to any person contacted in a manner that violates 47 U.S.C. § 227(b).[2] *See Rotberg v. Jos. A. Bank Clothiers, Inc.*, 345 F.Supp.3d 466, 470 (S.D.N.Y. 2018).

## II. Plaintiff's Complaint Alleges Sufficient Facts to Render it Plausible that Defendant Used an ATDS

In order to properly plead a TCPA claim, a plaintiff must allege three things: (1) that the defendant called [or sent a text message to] a cellular telephone number;[3] (2) using an ATDS or artificial or prerecorded voice; and (3) it must be without the recipient's prior consent. 47 U.S.C. § 227(b)(1); *see also King v. Time Warner Cable*, 113 F.Supp.3d 718, 725 (S.D.N.Y. 2015), *rev'd on other grounds*, 894 F.3d 473 (2d Cir. 2018). In their Motion to Dismiss, Defendants challenge the second prong and claim that Ms. Metten's FAC fails to allege the use of an ATDS. Def's Mot. Opp. p. 8, ECF No. 29 ("Def's Mot.").

As stated, the TCPA defines an ATDS as equipment that "has the capacity" to "store or produce telephone numbers to be called using a random or sequential number generator" and to then dial those numbers. 42 U.S.C. § 227(a)(1). Both the D.C. Circuit and the Second Circuit

---

[2] The TCPA allows Plaintiffs to recover statutory damages of up to $500 for each violation and up to $1500 for each knowing or willful violation. 47 U.S.C. § 227(b)(3)
[3] The TCPA's ban on ATDS calls to cellphones also applies to text messages. *See In re Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, 18 FCC Rcd. 14014, 14115 ¶ 165 (2003).

4

have recently interpreted this definition in lieu of mounting uncertainty surrounding the statutory language. *See ACA Int'l v. FCC*, 885 F.3d 687 (D.C. Cir. 2018); *King*, 894 F.3d 473. The current state of the law suggests that "to qualify as an ATDS under the statute, a device's current functions, absent any modifications to the device's hardware or software," must satisfy the requirements laid out in 47 U.S.C. § 227(a)(1). *Rotberg*, 345 F.Supp.3d at 476 (quoting *King*, 894 F.3d at 481). Further, the Second Circuit indicated that courts may need to undertake a case-by-case analysis to fully determine the current autodialing potential of any given device. *See id.*

While Plaintiff does not specifically allege that Defendants' text messages were send using an ATDS, requiring Plaintiff to know the specific technology utilized at this stage is impractical. Here, Ms. Metten's FAC contains sufficient allegations to render it sufficiently plausible that Defendants used an ATDS. Plaintiff alleges that Defendants sent a generic text message. FAC ¶¶ 31-33. Plaintiff alleges that the text arrived via a short code telephone number. FAC ¶ 34. Plaintiff also indicates that CallFire holds itself out as having the "most powerful and versatile SMS text messaging platform on the market," perfect for sending marketing material *en masse*. FAC ¶ 26. These factors indicate some level of automation and make it sufficiently plausible that Defendants used an ATDS. *See Rotberg*, 345 F.Supp.3d at 476-77 (indicating that "[f]ar less specific allegations regarding a TCPA defendant's use of an autodialer have survived similar motions to dismiss.") (collecting cases).

It very well may be the case that CallFire's messaging system does not have the required capabilities to constitute an ATDS. However, at the motion to dismiss stage, a Plaintiff need only make a showing that it is plausible that Defendants used an ATDS. *See Rotberg*, 345 F.Supp.3d at 477. The recent case law clarifies the requirements under the FCPA, and the capabilities of CallFire's equipment will become clear after discovery.

5

### III. Plaintiff's Complaint Alleges Sufficient Facts to Render it Plausible that Defendant is Either Directly or Vicariously Liable, and that Defendants' Alleged Violations were Willful or Knowing

Defendants also allege that Plaintiff has failed to plausibly allege both direct liability and vicarious liability. Def's Mot. pp. 14, 18. Furthermore, Defendants claim that Plaintiff has failed to sufficiently allege willful or knowing violations. *Id.* p. 20. Defendants' arguments are to no avail.

Plaintiff states that she received a text message promoting "New York Sports Clubs" and offering a 3-day sale. FAC ¶ 33. Defendants' website was included in the text. *Id.* The FAC also states that Defendants have sent "a significant number" of similar texts to potential clients around the country. *Id.* ¶ 37. This is all a part of Defendants' marketing scheme. *Id.* ¶ 26. Further, the FAC alleges that "Defendants have a contractual relationship with CallFire, Inc. that authorizes Defendant to initiate or 'make' calls/texts with CallFire's software." *Id.* ¶ 27. Based on these facts alleged, it is plausible that Defendants are directly liable to Plaintiff for violations of the TCPA. Additionally, it is also plausible that this marketing campaign featuring mass text messages was a knowing and willful violation of the TCPA.

In regards to vicarious liability, it is also plausible, based on the facts alleged, that Defendant had an agency relationship with CallFire.[4] *See Campbell-Ewald Co. v. Gomez*, 136 S.Ct. 663, 674 (2016) (stating that federal common-law principles of agency apply to TCPA violations). While Plaintiff does not allege the specifics of any contractual relationship between CallFire and Defendants, once again, requiring her to do so prior to discovery would be unreasonable.

---

[4] While Defendants indicate that the FAC suggests that CallFire may be directly liable under the TCPA, the potential liability of CallFire has no bearing on Defendants' liability in this case. *See* Def's Mot. p. 19.

## CONCLUSION

Plaintiff has sufficiently alleged a knowing and willful violation of the TCPA as well as facts sufficient to support a claim for either direct or vicarious liability. Defendants also claim that Plaintiff has created an impermissible fail-safe class. At this time, it is premature for the Court to address those arguments. For the reasons set forth above, Defendants' Motion to Dismiss is hereby **DENIED**.

**SO ORDERED.**

**Dated:** **March 21, 2019**
**New York, New York**

_____
**ANDREW L. CARTER, JR.**
**United States District Judge**